IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CITY NATIONAL BANK OF WEST VIRGINIA,**

**Plaintiff**

      v.

**DONALD J. PORTELL,**

**Defendant.**                              12-cv-1237-DRH-SCW

<u>ORDER AND DEFAULT JUDGMENT</u>

**HERNDON, Chief Judge:**

### I.    INTRODUCTION

Pending before the Court is plaintiff City National Bank of West Virginia's renewed motion for default judgment (Doc. 12). Plaintiff requests an Order awarding it money damages in the amount of $875,774.82, including post-judgment interest at a rate of $92.90407 per day accruing from February 1, 2013, until paid in full. For the following reasons, plaintiff's motion is **GRANTED**.

### II.    FINDINGS

1.    Jurisdiction and venue are proper in this Court.

2.    On December 5, 2012, plaintiff filed its complaint against defendant Donald J. Portell. Count I for breach of contract alleges defendant's default in payment of the Renewed Note. It seeks $860,819.79, plus interest accruing from and after December 4, 2012 at $92.90407 per diem. Count II for recovery of attorneys' fees alleges the loan documents require defendant to reimburse plaintiff

for all costs and expenses, including attorneys' fees associated with this action. It seeks attorneys' fees, expenses, and costs incurred by plaintiff to prosecute this action.

      3.      Defendant was properly served with copies of the complaint and summons on December 17, 2012 (Doc. 4).

      4.      To date, defendant has not filed a response to plaintiff's complaint.

      5.      Defendant is therefore in default.

      6.      Entry of default pursuant to Federal Rule of Civil Procedure 55(a) was entered against defendant on January 24, 2013 (Doc. 7). Plaintiff sent notice of the Clerk's default entry to defendant's last known address on January 25, 2013 (Doc. 9); SDIL-LR 55.1(a).

      7.      Plaintiff's instant renewed motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) states that the renewed motion was sent to defendant's last known address and that plaintiff has no knowledge regarding whether defendant is represented by counsel. *See* SDIL-LR 55.1(b).

      8.      On February 15, 2013, defendant contacted and retained counsel (Doc. 16). Defendant's newly retained counsel moved for and received an extension of time to answer or otherwise plead in response to the complaint and to respond to plaintiff's motion for default judgment. Thus, defendant was granted up until March 11, 2013 to (a) respond to plaintiff's motion for entry of default judgment and (b) answer or otherwise respond to plaintiff's complaint (Doc. 18). March 11, 2013 has since passed and defendant has not responded to plaintiff's

motion for entry of default judgment or otherwise responded to plaintiff's complaint. Thus, there is no just reason for delay.

### III. LAW AND APPLICATION

FEDERAL RULE OF CIVIL PROCEDURE 55 authorizes a party to seek a default judgment. Under this rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. FED. R. CIV. P. 55(a). The decision to grant or deny default judgment lies within the district court's discretion. *Homer v. Jones-Bey*, 415 F.3d 749, 753 (7th Cir. 2005). "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-pleaded. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.* 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). Plaintiff must then establish a right to the requested relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

The Court finds default judgment in favor of plaintiff and against defendant is warranted in this instance on the basis of the above findings and the assertions of plaintiff's motion (Doc. 12). As to the proper amount, a party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount" demanded in the pleadings. FED. R. CIV. P. 54(c). Further, allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. *In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*,

722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id*. The Court may base its determination either upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793.

As to the amounts plaintiff seeks, plaintiff requests $860,819.79, representing the outstanding balance due and owing under the loan documents on December 4, 2012. Further, plaintiff seeks interest at a rate of $92.90407 per day, amounting to $5,295.53, as of January 31, 2013. Thus, plaintiff requests a current outstanding balance due and owing under the loan documents amounting to $866,115.32. Finally, plaintiff seeks attorneys' fees, legal expenses, and court costs incurred in this action in the amount of $9,659.50. Thus, in sum, plaintiff seeks an award in the amount of $875,774.82, with post-judgment interest at a rate of $92.90407 per day accruing from February 1, 2013 until paid in full.

Upon careful review of the record, the Court finds plaintiff's renewed motion adequately demonstrates the bases of calculation and has provided the necessary documentation as to the requested amounts (*See* Docs. 12-2, 12-3, 12-4, and 13). Thus, the Court is satisfied to a reasonable certainty that the amounts sought are correct. Therefore, **IT IS ORDERED AND ADJUDGED** that plaintiff's renewed motion for default judgment is **GRANTED** (Doc. 12). Accordingly, judgment is entered in favor of plaintiff City National Bank of West Virginia and

against defendant Donald J. Portell in the amount of $875,774.82 and post-judgment interest at a rate of $92.90407 per day accruing from February 1, 2013 until paid in full. The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Signed this 19th day of March, 2013.

Digitally signed by David R. Herndon
Date: 2013.03.19 10:04:26 -05'00'

**Chief Judge**
**United States District Court**